UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNIE LEE BASS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | Case No. C13-2025-JPD<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SEALING PROPOSED COMPLAINT |

Plaintiff, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP"), a proposed complaint, a "Notice to the Court and US Attorney General Regarding Social Security Appeal," and a proposed application for court-appointed counsel in the above-entitled action. Dkts. 1-3. After careful consideration of plaintiff's submissions, the governing law and the balance of the record, the Court ORDERS as follows:

(1) Plaintiff's application to proceed IFP, Dkt. 1, is GRANTED. Plaintiff does not appear to have funds available to afford the $400.00 filing fee.

(2) Plaintiff's proposed complaint and notice to the Court both contain personal data identifiers that should have been redacted pursuant to LCR 5.2(a). Dkt. 1-1; Dkt. 2.

ORDER
PAGE - 1

1  Specifically, in the proposed complaint the name of plaintiff's minor child should have been
2  redacted to his initials pursuant to LCR 5.2(a)(2). Dkt. 1-1. In addition, in plaintiff's "Notice
3  to the Court and US Attorney General Regarding Social Security Appeal," which was filed on
4  the same date as plaintiff's proposed complaint, plaintiff failed to redact her social security
5  number in its entirety pursuant to LCR 5.2(a)(3). Dkt. 2. As a result, the Clerk is directed to
6  SEAL plaintiff's proposed complaint and the notice. Dkt. 1-1, Dkt. 2.

7  **Plaintiff is directed to file a complaint that includes all her claims for relief, and**
8  **has been properly redacted in accordance with the local rules of the Western District of**
9  **Washington within 30 days from the date of this Order.** The plaintiff is advised that this
10  case may be subject to dismissal if she does not respond to this Order.

11  (3)  In plaintiff's motion seeking court-appointed counsel, plaintiff asserts that she
12  has attempted to retain attorneys to represent her by making "at least 4 calls to 4 different
13  attorney offices." Dkt. 3 at 2. Her efforts to date, however, have been unsuccessful.

14  Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez*
15  *v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989). The decision to appoint counsel rests within
16  "the sound discretion of the trial court and is granted only in exceptional circumstances."
17  *Agyeman v. Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of
18  exceptional circumstances requires an evaluation of both the likelihood of success on the
19  merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of
20  the legal issues involved. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). These
21  factors must be viewed together before reaching a decision on a request for counsel. *Id.*

22  Here, the Court finds that plaintiff has failed to demonstrate that exceptional
23  circumstances warrant the appointment of counsel at this time. To her credit, plaintiff has
24  established her indigence by successfully obtaining IFP status, and represents in her motion
25  that she has made efforts to retain an attorney. Dkt. 3 at 2. However, plaintiff has not
26  indicated whether her efforts to retain an attorney willing to assist her in this civil action were

1  aimed at practitioners who focus on social security appeals, or how recently plaintiff has
2  attempted to obtain representation.  In addition, plaintiff does not provide compelling
3  arguments or evidence indicating that this case is particularly likely to succeed on the merits,
4  or that in light of the complexity of the legal issues involved, she is wholly unable to articulate
5  her claims *pro se*.

6  Accordingly, plaintiff's motion for appointment of counsel, Dkt. 3, is DENIED.
7  Plaintiff is advised that there are many attorneys willing to represent clients on a contingency
8  fee basis in social security appeals, and this appeal involves important legal rights as to which
9  an attorney may be very helpful to plaintiff.  If plaintiff needs additional time to continue her
10 efforts to retain counsel to represent her, she should promptly request such an extension.

11  (4)  The Clerk is directed to send plaintiff a copy of this Order.

12  DATED this 2nd day of December, 2013.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge